IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Criminal Action No. 3:02CR33-02
                                         (JUDGE BAILEY)

DAVID EDWARD ROSARIO,

        Defendant.

**REPORT AND RECOMMENDATION THAT MOTIONS FOR MODIFICATION OF SENTENCING ORDER, CREDIT FOR TIME SERVED AND CLARIFICATION OF SENTENCE BE DENIED**

I.   Introduction

    A.   Background

Defendant was the second of two defendants indicted in this Court July 9, 2002, charging offenses related to distribution of cocaine base. Defendant was released prior to trial but his release was revoked August 13, 2002. Defendant executed a plea agreement on August 21, 2002, agreeing to plead guilty to Count 7 which charged distribution of .96 grams of cocaine base. Defendant pleaded guilty September 16, 2002. Defendant was sentenced December 4, 2002, to 59 months custody and three years supervised release. Defendant filed a Motion For Modification of Sentencing Order August 15, 2005, a Motion Seeking Credit for Time Served in Virginia State Custody January 17, 2006, and a Motion for Clarification of Sentence November 26, 2007.

    B.   The Motions

        1.   Motion For Modification of Sentencing Order.[1]

---

[1] Doc. No. 102.

      2.       Motion Seeking Credit For Time Spent in Virginia State Custody.[2]

      3.       Motion For Clarification of Sentence.[3]

C.      <u>Recommendations</u>

      1.       I recommend the Motion For Modification of Sentencing Order be denied because the last sentence of 18 U.S.C. § 3584(a) makes the federal sentence presumptively consecutive in all unprovided for cases and allows the state judge or the attorney general to decide whether a federal sentence imposed prior to a state sentence is consecutive or concurrent.

      2.       I recommend the Motion Seeking Credit For Time Spent in Virginia State Custody be denied because it is the Bureau of Prisons which first must consider requests of federal prisoners requesting credit against a federal sentence for time served in state custody.

      3.       I recommend the Motion for Clarification of Sentence be denied because the sentence is clear and the Attorney General, Department of Justice and Bureau of Prisons first have the administrative responsibility to determine when a sentence commences.

## II. <u>Facts</u>

All these motions relate to the fact that, in addition to defendant's federal sentence detailed above, defendant's probation on a prior sentence in the Circuit Court for Frederick County, Virginia, was revoked April 29, 2003, by Order dated May 6, 2003. (Doc. No. 109-2). That same order states " . . ., the Court revokes the suspension of service of the balance of sentence previously imposed, being four (4) years. Service of two (2) years of such sentence shall be served concurrently with the federal sentences (sic) currently being served . . ."

---

[2] Doc. No. 105.

[3] Doc. No. 109.

Defendant is currently incarcerated in a United States penitentiary in Kentucky serving his federal sentence.

According to the United States Marshals Services Individual Custody and Detention Report:

1. Defendant entered federal custody July 10, 2002 when he was arrested for one day.

2. Defendant's release was revoked August 13, 2002 and he was in federal custody until December 4, 2002 when he was sentenced.

3. On December 10, 2002 he was released to the custody of the State of West Virginia and a federal judgment and commitment detainer was lodged against him.

4. While in the custody of the State of West Virginia, he voluntarily agreed to be returned to the Circuit Court of Frederick County, Virginia, on March 14, 2003.

5. Defendant was released to the custody of Virginia, March 21, 2003.

6. Defendant was returned to the custody of the federal government on March 31, 2003, on a writ of habeas corpus ad testificandum until April 8, 2003.

7. On April 8, 2003, defendant was returned to Virginia and a federal judgment and commitment detainer was lodged against him.

8. Defendant was returned to the custody of the federal government on July 14, 2003, on a writ of habeas corpus ad testificandum until August 19, 2003.

9. On August 19, 2003, defendant was returned to the custody of Virginia.

10. As of August 19, 2003, defendant had been in federal custody 165 days.

11. On June 28, 2006, defendant was returned to federal custody.

III. Motions

A.  Contentions of the Parties

Defendant contends:

In the Motion for Modification of Sentencing Order, Defendant simply requests that his federal and state sentences run concurrently.

In the Motion Seeking Credit Against His Federal Sentence for Time Served, Defendant states that because of the federal detainer he was not eligible for a work center and accumulated $6,000.00 of unpaid child support. Because of the effect of his federal sentence on his state sentence Defendant believes he should receive credit for time served on the state sentence against his federal sentence.

In the Motion for Clarification on Sentence, Defendant contends that this Court intended to have his federal sentence run concurrently with his state sentence. Finally, Defendant requests the Court to state when his federal sentence began.

The Government contends:

The Motion for Modification of Sentencing Order is moot because the Virginia sentence has been completely served. Further the Government contends that Defendant's Virginia probation had not been revoked at the time the federal sentence was imposed. The Government also contends Defendant has offered no compelling reason for the Court to enter a concurrent sentence. Finally, the Government contends the Court lacks jurisdiction to grant the requested relief.

The Motion for Credit for Time Served is not within the jurisdiction of the Court because it is the responsibility of the Bureau of Prisons to determine when a sentence commences and whether a Defendant should receive credit for time previously spent in custody. Further, the Court cannot consider a Request for Credit for Time Served until Defendant has exhausted his administrative remedies via a § 2241. Finally, only the district court where Defendant is incarcerated has jurisdiction to consider such a request.

The Motion for Clarification of Sentence is simply a restatement of the first two motions - that the sentences run concurrently and Defendant be given credit for time served in the Commonwealth of Virginia.

B.  Discussion

1.  Motion for Modification of Sentencing Order

Defendant's request is simple and clear. Defendant requests the Court that his federal sentence run concurrently with his Virginia sentence.

18 U.S.C. § 3584 (a) Imposition of concurrent or consecutive terms provides in pertinent part: " . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." However, in the case at bar, the federal sentence of imprisonment was imposed before the state term of imprisonment was imposed for violation of a previous probation. Thus, the question becomes whether a district court may require its sentence to be served consecutively to a state sentence that will be imposed in the future. The reasoning of the Court in Romandine v. United States, 206 F.3d 731 (7th Cir. 2000) appears to be most logical when it discusses the split among the circuits:

> United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991) (yes);
> (United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998) (no);

5

> *United States v. Clayton*, 927 F.2d 491 (9th Cir. 1991) (no); *United States v. Williams,* 46 F.3d 57 (10th Cir. 1995) (yes); *United States v. Ballard,* 6F.3d 1502, 1510 (11th Cir. 1993), (yes). We join the circuits that answer "no," because § 3584(a) allows the district judge to specify the sequence of service only when sentences are imposed at the same time, or the other sentence is "an undischarged term of imprisonment" to which the defendant is "already subject". But the answer does not matter, and the conflict is illusory, for reasons we have given: the final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General (or the state judge) rather than the federal judge.

In the absence of any Fourth Circuit authority, it appears the reasoning in Romandine should prevail. Because the federal court sentenced first, the decision as to whether the state sentence runs consecutively or concurrently is up to the state judge and the Attorney General through the Bureau of Prisons. In this case the state judge ordered that half the state sentence run concurrently and half the state sentence run consecutively. In addition, the Bureau of Prisons program statement 5160.05 provides that inmates may make nunc pro tunc requests for credit for time served in a state sentence.

Defendant was sentenced in this district prior to his probation revocation in Virginia. Romandine holds that when the federal sentence is imposed first it is presumptively consecutive. The last sentence of 18 U.S.C. § 3584(a) allows the state judge or the attorney general to determine whether the sentences are concurrent or consecutive, not the federal court.

2. Motion Seeking Credit for Time Spent in Virginia State Custody

A federal prisoner is entitled to have the Bureau of Prisons consider if the prisoner is to receive credit against his federal sentence for time spent in state custody. Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1991). The Bureau of Prisons, not the district court, makes this determination. The Bureau of Prisons program statement 5160.05 in § 9.4 provides a specific

6

procedure for an inmate request for a nunc pro tunc order to meet Barden, Id. before Defendant must file a 2241 in the district of incarceration.

      3.      Motion for Clarification on Sentence

United States v. Ramirez, 835 F.2d 875, 1987 wl 24454 contained the following language:

> It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. *See* 18 U.S.C. § 3586. It is not the province of the sentencing court. After exhaustion of administrative remedies, *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir. 1984), *cert. denied,* 470 U.S. 1031 (1985), judicial review of a claim relating to computation of sentence is available under 28 U.S.C. § 2241 in the district of confinement. *United States v. Hornick*, 815 F.2d 1156, 1160 (7th Cir. 1987).

U.S. v. Miller, 871 F.2D 488, 489-490 (4th Cir. 1989) confirms that this court cannot grant relief holding:

> " . . . Miller filed a motion asking the district court to direct the Bureau of Prisons to award him jail credit of 104 days. The district court *490 correctly held that it was without jurisdiction to grant such relief. A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. *See United States v. Brown*, 753 F.2d 455 (5th Cir. 1985)."

Once again Defendant must exhaust his administrative remedies with the Bureau of Prisons before filing a 2241 in the district of incarceration.

      C.      Recommendation

7

1. I recommend the Motion For Modification of Sentencing Order[4] be **DENIED** because the last sentence of 18 U.S.C. § 3584(a) makes the federal sentence presumptively consecutive in all unprovided for cases and allows the state judge or the attorney general to decide whether a federal sentence imposed prior to a state sentence is consecutive or concurrent.

2. I recommend the Motion Seeking Credit For Time Spent in Virginia State Custody[5] be **DENIED** because it is the Bureau of Prisons which must consider requests of federal prisoners requesting credit against a federal sentence for time served in state custody.

3. I recommend the Motion for Clarification of Sentence[6] be **DENIED** because the sentence is clear and the Attorney General, Department of Justice and Bureau of Prisons has the administrative responsibility to determine when a sentence commences.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative

---

[4] Doc. No. 102.

[5] Doc. No. 105.

[6] Doc. No. 109.

Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 24, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE