# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                   **CRIMINAL ACTION NO. 3:02-CR-33-2**
                                            (BAILEY)

**DAVID EDWARD ROSARIO,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Order dated January 28, 2008 [Doc. 114], this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on March 24, 2008 [Doc. 124]. In that filing, the magistrate judge recommended that this Court deny the defendant's motions for modification of sentence.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

1

***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Seibert's R & R were due within ten (10) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  The docket reflects that service was accepted on March 28, 2008.  *See* Doc. 125.  The defendant timely filed his objections on April 4, 2008 [Doc. 126].  Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  The Court will review the remainder of the R & R for clear error.

The relevant factual and procedural history regarding petitioner's motions is as follows.  This defendant was the second of two defendants indicted in this Court July 9, 2002, charging offenses related to distribution of cocaine base.  He was released prior to trial, but his release was revoked August 13, 2002.  The defendant executed a plea agreement on August 21, 2002, agreeing to plead guilty to Count 7, which charged distribution of .96 grams of cocaine base.  He pleaded guilty on September 16, 2002, and was sentenced December 4, 2002, to 59 months custody and three years of supervised release.  The defendant then filed a Motion For Modification of Sentencing Order [Doc. 102] on August 15, 2005, a Motion Seeking Credit for Time Served in Virginia State Custody [Doc. 105] on January 17, 2006, and a Motion for Clarification of Sentence [Doc. 109] on November 26, 2007.

All three motions relate to the fact that, in addition to defendant's federal sentence detailed above, defendant's probation on a prior sentence in the Circuit Court for Frederick County, Virginia, was revoked April 29, 2003, by Order dated May 6, 2003 [Doc. 109-2].

2

That same Order states "the Court revokes the suspension of service of the balance of sentence previously imposed, being four (4) years. Service of two (2) years of such sentence shall be served concurrently with the federal sentences currently being served . . ."

The defendant is currently serving his federal sentence in a United States penitentiary in Kentucky. According to the United States Marshals Services Individual Custody and Detention Report, the defendant entered federal custody July 10, 2002, when he was arrested for one day. His release was revoked August 13, 2002, and he was in federal custody until December 4, 2002, when he was sentenced. On December 10, 2002, he was released to the custody of the State of West Virginia, and a federal judgment and commitment detainer was lodged against him. While in the custody of the State of West Virginia, he voluntarily agreed to be returned to the Circuit Court of Frederick County, Virginia, on March 14, 2003. The defendant was released to the custody of Virginia on March 21, 2003. He was then returned to the custody of the Federal Government on March 31, 2003, on a writ of habeas corpus ad testificandum until April 8, 2003. On April 8, 2003, defendant was returned to Virginia and a federal judgment and commitment detainer was lodged against him. The defendant was returned to the custody of the Federal Government on July 14, 2003, on a writ of habeas corpus ad testificandum until August 19, 2003. On August 19, 2003, the defendant was returned to the custody of Virginia. As of August 19, 2003, the defendant had been in federal custody 165 days. On June 28, 2006, he was returned to federal custody.

In the Motion for Modification of Sentencing Order, the defendant requests that his

federal and state sentences run concurrently. In the Motion Seeking Credit Against His Federal Sentence for Time Served, the defendant states that because of the federal detainer he was not eligible for a work center and accumulated $6,308.82 of unpaid child support. Because of the effect of his federal sentence on his state sentence, the defendant believes he should receive credit for time served on the state sentence against his federal sentence. In the Motion for Clarification on Sentence, the defendant contends that this Court intended to have his federal sentence run concurrently with his state sentence. Finally, Defendant requests the Court to state when his federal sentence began.

The Government contends that the Motion for Modification of Sentencing Order is moot because the Virginia sentence has been completely served. Further, the Government contends that the defendant's Virginia probation had not been revoked at the time the federal sentence was imposed. The Government also contends that the defendant has offered no compelling reason for the Court to enter a concurrent sentence. Finally, the Government contends the Court lacks jurisdiction to grant the requested relief.

As an initial matter, the Court concurs with the finding of the Magistrate Judge, that petitioner's challenges are not within this Court's jurisdiction. The Motion for Credit for Time Served is not within the jurisdiction of the Court because it is the responsibility of the Bureau of Prisons to determine when a sentence commences and whether a defendant should receive credit for time previously spent in custody. Further, the Court cannot consider a Request for Credit for Time Served until Defendant has exhausted his administrative remedies via a § 2241. Finally, only the district court where the defendant is incarcerated has jurisdiction to consider such a request.

The Motion for Clarification of Sentence is simply a restatement of the first two motions - that the sentences run concurrently and that the defendant be given credit for time served in the Commonwealth of Virginia. Simply put, the defendant requests that his federal sentence run concurrently with his Virginia sentence.

As properly noted by the Magistrate Judge, 18 U.S.C. § 3584 (a) imposition of concurrent or consecutive terms provides in pertinent part: "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." However, in the case at bar, the federal sentence of imprisonment was imposed *before* the state term of imprisonment was imposed for violation of a previous probation. Thus, the question becomes whether a district court may require its sentence to be served consecutively to a state sentence that will be imposed in the future. The reasoning of the Court in **Romandine v. United States**, 206 F.3d 731 (7th Cir. 2000) appears to be most logical when it discusses the split among the circuits:

> **United States v. Brown**, 920 F.2d 1212, 1217 (5th Cir. 1991) (yes); (**United States v. Quintero**, 157 F.3d 1038 (6th Cir. 1998) (no); **United States v. Clayton**, 927 F.2d 491 (9th Cir. 1991) (no); **United States v. Williams**, 46 F.3d 57 (10th Cir. 1995) (yes); **United States v. Ballard**, 6F.3d 1502, 1510 (11th Cir. 1993), (yes). We join the circuits that answer "no," because § 3584(a) allows the district judge to specify the sequence of service only when sentences are imposed at the same time, or the other sentence is "an undischarged term of imprisonment" to which the defendant is "already subject". But the answer does not matter, and the conflict is illusory, for reasons we have given: the final sentence of § 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General (or the state judge)

5

rather than the federal judge.

After a thorough review of the record, the Court concurs with the finding of the Magistrate Judge that, in the absence of any Fourth Circuit authority, it appears the reasoning in *Romandine* should prevail. Because the federal court sentenced first, the decision as to whether the state sentence runs consecutively or concurrently is up to the state judge and the Attorney General through the Bureau of Prisons. In this case, the state judge ordered that half the state sentence run concurrently and half the state sentence run consecutively. In addition, the Bureau of Prisons program statement 5160.05 provides that inmates may make *nunc pro tunc* requests for credit for time served in a state sentence.

In his objections the defendant contends that "not only does this Honorable Court have jurisdiction because petitioner had an 'undischarged term of imprisonment,' but furthermore the state judge ordered it."

As noted by the magistrate judge, the defendant was sentenced in this district prior to his probation revocation in Virginia. *Romandine* holds that when the federal sentence is imposed first it is presumptively consecutive. And the last sentence of 18 U.S.C. § 3584(a) allows the state judge or the attorney general to determine whether the sentences are concurrent or consecutive, not the federal court.

The defendant also states in his objections that the procedure for a *nunc pro tunc* order does not apply to his circumstances because his state sentence was ordered to run partially concurrent. The defendant contends that this strictly applies to those sentences which are not ordered concurrent. The defendant's arguments here are misplaced.

6

A federal prisoner is entitled to have the Bureau of Prisons consider if the prisoner is to receive credit against his federal sentence for time spent in state custody. ***Barden v. Keohane***, 921 F.2d 476 (3rd Cir. 1991). The Bureau of Prisons, not the district court, makes this determination. The Bureau of Prisons program statement 5160.05 in § 9.4 provides a specific procedure for an inmate request for a *nunc pro tunc* order to meet ***Barden*** before a defendant must file a § 2241 in the district of incarceration.

***United States v. Ramirez***, 835 F.2d 875, 1987 WL 24454, contained the following language:

> It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. See 18 U.S.C. § 3586. It is not the province of the sentencing court. After exhaustion of administrative remedies, ***Chua Han Mow v. United States***, 730 F.2d 1308, 1313 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985), judicial review of a claim relating to computation of sentence is available under 28 U.S.C. § 2241 in the district of confinement. ***United States v. Hornick***, 815 F.2d 1156, 1160 (7th Cir. 1987).

***U.S. v. Miller***, 871 F.2D 488, 489-490 (4th Cir. 1989) confirms that this Court cannot grant relief holding:

> " . . . Miller filed a motion asking the district court to direct the Bureau of Prisons to award him jail credit of 104 days. The district court correctly held that it was without jurisdiction to grant such relief. A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. See

7

*United States v. Brown*, 753 F.2d 455 (5th Cir. 1985)."

Once again, the defendant must exhaust his administrative remedies with the Bureau of Prisons before filing a § 2241 in the district of incarceration.

Therefore, based on the foregoing, it is the opinion of this Court that the recommendations of Magistrate Judge Seibert **[Doc. 124]** should be, and are, hereby **ORDERED ADOPTED** for reasons more fully stated in that report. Additionally, the plaintiff's objections **[Doc. 126]** are **OVERRULED**. As a final matter, the defendant's Motion to Correct Improper Custody Credit Calculation **[Doc. 132]** and Second Motion to Correct Improper Jail Credit Calculation **[Doc. 134]** are hereby **DENIED** for the same reasons as stated above.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: May 29, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE